## NATHANIEL HEATH *vs.* WILLIAM P. TENNEY.

An award of three referees, under Rev. Sts. c. 114, acknowledged before one of themselves as justice of the peace, is void, although both parties appeared and were heard before the referees, and although the submission stipulated that the award of a majority should be sufficient.

MOTION by the defendant to set aside an award of three referees, made after hearing both parties, and duly returned into the court of common pleas, upon a submission entered into before a justice of the peace, pursuant to Rev. Sts. c. 114, and stipulating that the award of the majority of the referees should be good. One ground of objection was that the submission was acknowledged before one of the referees named therein. *Mellen,* J. overruled the motion, and ordered the award to be accepted. The defendant alleged exceptions.

*W. G. Russell,* for the defendant.

*R. F. Fuller,* for the plaintiff. 1. The incapacity of the magistrate to take the acknowledgment of the submission was waived by the subsequent hearing upon the merits. *Maynard* v. *Frederick,* 7 Cush. 250. *Howard* v. *Saxton,* 1 Denio, 440. *Winship* v. *Jewett,* 1 Barb. Ch. 173. *Hays* v. *Hays,* 23 Wend. 366. *Fox* v. *Hazelton,* 10 Pick. 275. *Brown* v. *Leavitt,* 26 Maine, 251. *Christman* v. *Moran,* 9 Barr, 487. Such a hearing is analogous to a trial on the merits in an action at law, which is a waiver of technical objections. *Smith* v. *Robinson,* 13 Met. 165. *Foot* v. *Knowles,* 4 Met. 386.

The decisions of this court do not contravene this position. In *Drew* v. *Canady,* 1 Mass. 158, the reference was still pending when the objection was taken. In *Deerfield* v. *Arms,* 20 Pick. 480, it does not appear but that the award was *ex parte,* and the objection seasonably taken ; and the only point adjudged was, that an award, admitted to be void under the statute, could not be held good at common law. In *Abbott* v. *Dexter,* 6 Cush. 108, the submission was not acknowledged at all, by or in behalf of one of the partners named in it.

2. As the submission stipulates that an award of a majority

shall be sufficient, the signature of the referee before whom the submission was acknowledged may be stricken out, and the award stand as the award of the majority.

SHAW, C. J. It is alleged that this objection is a technical one, and does not affect the merits of the case, and ought not to be allowed. But it must be remembered that the acknowledgment before a magistrate is the act which gives effect to the statute conferring jurisdiction, both upon the referees, and upon the courts to accept the award and render a judgment thereon. The provisions of the statute therefore must be substantially complied with.

That it is not competent for one of the referees to take the acknowledgment of the parties, and thus give himself jurisdiction, was early decided, after the passing of the first act providing for this species of reference *in pais.* Perhaps a contrary decision in the first instance would scarcely have been a violation of the spirit of the statute; but by the early decisions on the statute it has long since become a rule of practice. It was so decided in the case of *Drew* v. *Canady,* 1 Mass. 158; and it is important that rules of practice should be steadily adhered to. In *Deerfield* v. *Arms,* 20 Pick. 480, it was rather taken as a settled and unquestionable rule, than decided. In the recent case of *Abbott* v. *Dexter,* 6 Cush. 108, it was held that an exact compliance with the provisions of the statute in the matter of acknowledgment was essential to give effect to the statute and confer jurisdiction.

It was argued that the parties had waived their exception to this irregularity in the acknowledgment, by appearing before the referees. After the referees have acquired jurisdiction, many things which parties might object to are waived by acquiescence. But this cannot be admitted in respect to matters necessary to give jurisdiction. The same consideration was pressed upon the court in the above case of *Abbott* v. *Dexter,* where one only of the partners acknowledged, and that for himself, and not for himself and partner. But it was held that the appearance of both partners before the referees was not a waiver.

In *Maynard* v. *Frederick,* 7 Cush. 247, cited by the plaintiff,

in which the objection was that the witnesses before the arbitra-tors were not sworn, it was decided that silence was acquies-cence, and amounted to a waiver. But it is obvious that that exception did not affect the jurisdiction.

So in *Fox* v. *Hazelton*, 10 Pick. 275, one of the parties knew of the partiality of one of the referees before the submission, but did not object to him, and it was held that he could not do it after an award against him. It was a matter which he might object or assent to, at his pleasure. Having made his election, and taken his chance for an award in his favor, he could not then except. It did not affect the jurisdiction.

Waivers in proceedings in courts of law are not analogous; because courts have full jurisdiction.

It was said, as the award was unanimous, it might be regarded as a good award by the two others. But the difficulty with this view is, that the parties have never agreed to submit to two, and therefore it cannot be considered as the award of two. *Non constat* that they would have made such an award but in con-cert with the third. *Exceptions sustained.*